**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VANESSA JONES, on behalf of herself and others similarly situated, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Civil Action No.: |
| v. | ) <br> ) **JURY TRIAL DEMANDED** |
| COMCAST CORPORATION, | ) <br> ) **COMPLAINT – CLASS ACTION** |
| Defendant. | ) <br> ) |
| _____ | ) |

**CLASS ACTION COMPLAINT**

Vanessa Jones ("Plaintiff"), by and through the undersigned counsel, sues Defendant Comcast Corporation ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This is a class action brought against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

2.      Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**
>
> *****
>
> **(iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

1

3.     Upon information and belief, Defendant routinely violates 47 U.S.C. §227 (b)(1)(A)(iii) by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system, without the prior express consent of the consumers.

## JURISDICTION

4.     This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where a substantial part of the events giving rise to Plaintiff's action occurred in this State and this District, and where Defendant has its principal place of business, and transacts business, in this State and this District.

## PARTIES

6.     Plaintiff is a natural person who at all relevant times resided in the State of California, County of Sacramento.

7.     Defendant is a Pennsylvania corporation with its principal office located at One Comcast Center, 1701 JFK Boulevard, Philadelphia, PA 19103-2838.  Defendant can be served through its registered agent, CT Corporation System, Two Commerce Square, 2001 Market Street, 5th Floor, Philadelphia, PA 19103.

## FACTUAL ALLEGATIONS

8.     Starting in or around the middle of 2013, and in an attempt to contact a woman whom Plaintiff did not know, Defendant began placing telephone calls to Plaintiff's cellular telephone number (916) 504-xxxx.

9.     Most of the calls that Defendant placed to Plaintiff originated from phone number 1-800-266-2278 (1-800-COM-CAST).

10.     During one of the calls, Plaintiff informed Defendant that she did not know the woman for whom it was calling.

2

11.     Despite informing Defendant that she was not the person Defendant was attempting to reach, Defendant's calls continued.

12.     At some point thereafter, Plaintiff again answered one of Defendant's calls, and Defendant asked to speak with an individual named "Stewart."

13.     Plaintiff informed Defendant that she did not know "Stewart."

14.     Despite again informing Defendant that she was not the person Defendant was attempting to reach, Defendant's calls continued.

15.     Following some of the calls, Defendant left Plaintiff pre-recorded voicemail messages.

16.     Upon information and good faith belief, Plaintiff received at least ten telephone calls to her cellular telephone from Defendant, as well a minimum of two pre-recorded voicemail messages.

17.     Upon information and good faith belief, Defendant's records will show additional calls made by it to Plaintiff's cellular telephone.

18.     Upon information and good faith belief, Defendant placed the above-referenced calls to Plaintiff's cellular telephone using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

19.     Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention.  Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone.

20.     Defendant placed the telephone calls set forth herein to a telephone number assigned to a cellular telephone service.

21.     Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone.

22.     Plaintiff never provided her cellular telephone number to Defendant.

23.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

24.     Upon information and good faith belief, Defendant placed the telephone calls to Plaintiff identified above willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

25.     Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls identified above.

26.     In addition, and upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls identified above to Plaintiff.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a Class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Comcast Corporation placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

4

28.     The proposed Class is so numerous that, upon information and belief, joinder of all members is impracticable.  The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Class is ascertainable in that, upon information and belief, the cellular telephone numbers of all members of the Class can be identified in business records maintained by Defendant.

29.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each Class member.  Like all proposed members of the Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system and with an artificial or pre-recorded voice, without her consent, in violation of 47 U.S.C. §227.

30.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation.  Plaintiff has no interests that are contrary to or in conflict with the members of the Class that Plaintiff seeks to represent.

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

32.     Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

a. Defendant's violations the TCPA as alleged herein;

b. Defendant's use of an automatic telephone dialing system

c. Defendant's use of an artificial or pre-recorded voice in messages left for consumers; and

d. the availability of statutory damages.

33.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I: VIOLATIONS OF 47 U.S.C. §227(b)(1)(A)(iii)

34.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 33.

35.     Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number, without her consent.

36.     Defendant knowingly or willingly violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number, without her consent.

37.     As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii), and that Defendant did so knowingly and willingly, and enjoining Defendant from further violations of 47 U.S.C. §227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the Class;

(c)      Awarding Plaintiff and members of the Class statutory damages pursuant to 47 U.S.C. §227(b)(3) in an amount up to $1,500.00 per violation;

(d)      Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e)      Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: December 16, 2014

*/s/ Jason Rettig*
Jason Rettig, Esq.
PABN 200948
100 W. Monument Ave
Hatboro, PA 19040
Telephone:     (267) 879-9054
rettiglaw@yahoo.com

Co-Counsel for Plaintiff and the proposed Class

James L. Davidson (to seek admission *pro hac vice*)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL  33486
Telephone:     (561) 826-5477
Facsimile:     (561) 961-5684
jdavidson@mgjdlaw.com

Lead Counsel for Plaintiff and the proposed Class